**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RODNEY BONAPARTE<br>109 E. Durham Street<br>Philadelphia, PA 19119<br><br>    Plaintiff,<br>  v.<br><br>1 HEART HOME HEALTH CARE, LLC<br>6611 Frankford Avenue<br>Philadelphia, PA 19135<br>    and<br>ADILA SLAUGHTER<br>6611 Frankford Avenue<br>Philadelphia, PA 19135<br><br>    Defendants. | CIVIL ACTION<br><br>No. _____<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

**I. INTRODUCTION**

1. This action has been initiated by Rodney Bonaparte (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq.*) and the Pennsylvania Minimum Wage Act ("PMWA" – 43 P. S. §§ 333.101 *et. seq.*). Defendants intentionally fail to pay employees proper wages or overtime compensation, and Plaintiff seeks all available remedies for such pervasive and knowing violations of law(s).

**II. JURISDICTION AND VENUE**

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental and/or ancillary

jurisdiction over Plaintiff's state-law claims asserted herein as they arise out of the same common nucleus of operative facts as his federal claims.

3.     This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.  **PARTIES**

5.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.     Plaintiff is an adult individual, with an address as set forth in the caption.

7.     1 Heart Home Health Care, LLC (hereinafter "Defendant HHHC") is a home-health care agency purportedly employing in excess of 50 employees.

8.     Adila Slaughter (hereinafter "Defendant Slaughter") is publicly registered as the highest person in charge of Defendant HHHC (as the "Administrator"), and she is the owner of Defendant HHHC.

9. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.[1]

## IV. **FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant as a home health aide in or about October of 2019; and in total, Plaintiff was employed with Defendants for approximately 15-16 months (until January of 2021).

12. Defendant Slaughter oversees all aspects of Defendant HHHC, as the highest-level manager and owner. She runs the business in a manner that knowingly violates state and federal wage laws, and she does so knowingly and intentionally. Although Defendants appear to across-the-board pay unlawfully all similarly situated employees, Plaintiff pursues this case individually *and not* as a class or collective action.[2]

13. Before addressing the specific wage and overtime violations at issue in this lawsuit, it important to illustrate the extent of "willfulness" of Defendants' knowing legal violations. Just by way of examples:

> (1) Plaintiff has been offered to pe paid in cash in lieu of check(s) / deposits subject to withholding(s), which he rejected;
>
> (2) When Plaintiff inquired about participation in a health plan, he was informed by Defendants they could give him a minimal payroll check and pay him in

---

[1] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over wages or employee compensation are appropriate defendants under the FLSA and may be individually liable for such violations). The regulations under state law are the same.

[2] Such pervasive violations of law though may be used as evidence in the instant case to demonstrate willfulness and the absence of good-faith.

mostly cash so he could file for Obamacare and qualify based upon concealment of his true pay. Plaintiff rejected Defendants' offer and invitation to commit fraud on the government and instead was unable to obtain healthcare from Defendants; and

(3) Defendants engage in efforts attempting to force through coercion people whom they provide care for to engage their services for longer periods of time (like 24-hour-care) despite a lack of legitimate need and over the objection of the client(s).

14. Plaintiff's observations of Defendants' practices and business were very concerning to him, so much so that he was prompted to complain internally and externally about such actions by Defendants (and to protect those for whom care was being provided). When Plaintiff attempted to raise concerns of payroll, fraud, and other issues internally, he was threatened by Defendants' management team that he will never work in healthcare again, that he would be terminated, and that his name would be permanently harmed.

15. Plaintiff could not work in such an environment, and he resigned from Defendants in 2021 (in conjunction with making external complaints of Defendants' abuses). The foregoing environment is outlined *supra* to demonstrate that Defendants are unable to claim they accidentally violated wage laws, unwittingly made mistakes, and acted in any manner other than to willfully violate state and federal wage laws.

16. Upon hire and throughout his tenure, Plaintiff was paid at a rate of $13.50 per hour.

17. In close proximity to Plaintiff's original hire, he was issued a payroll form and noticed that he was only paid what is commonly referred to as "straight time." In other words, Plaintiff was only paid a straight $13.50 per hour regardless of having often worked well over 40 hours per week. Plaintiff <u>was not</u> paid at a time and one half (overtime) rate for hours worked over 40 hours per week.

18. Plaintiff raised the non-payment of overtime concerns with Defendants' management, and they claimed it would be corrected going forward. However, Defendants operate a very exploitive business in many respects. As a result, Defendants answer to Plaintiff's overtime concerns at the commencement of his employment was to avoid ever giving him anymore paystubs.

19. From hire through the end of his employment (excepted as outlined below), Plaintiff was refused any paystubs (or similar documentation) showing any payroll, hours, compensation, deductions, or other calculations. Instead, Defendants' management took a physical check to the bank and deposited it at Defendants' convenience while Plaintiff awaited available funds to appear in his own account during various days or time of day.

20. Plaintiff requested examples of paystubs or how his compensation was being calculated for over a year, even demanding such information so he could verify his income for outside income verification to third parties (such as to his own bank for credit). No such information was given to Plaintiff, nor his bank (despite continual requests).

21. Plaintiff was scheduled to be paid weekly, although the time / day of actual deposit fluctuated (as explained *supra*).

22. Plaintiff worked 16 hours per day, 7 days per week. And this was without breaks and is upon information and belief what Defendants invoiced and/or billed for the care of Plaintiff's in-home client / patient.

23. Plaintiff was, for the most part, always receiving $1,169.72 (or that approximate amount) deposited into his bank account (which he understood was the net of his gross pay, less various withholdings). And Plaintiff was repeatedly assured when questioning his overall

compensation being low told not to worry, he was being properly paid <u>for all 112 hours</u> but that he just had a lot of taxes due to earning so much money.

24.  Prior to leaving Defendants' employ, Plaintiff demanded paystubs showing how he was being paid. Plaintiff expressed that he would report Defendants to an agency if wasn't shown proof his compensation promptly.

25.  Out of desperation, Defendants reluctantly provided Plaintiff with a single-page printout of his payroll from October – December, 2020. But Defendants were so sloppy about falsifying payroll that they: (1) provided Plaintiff with his payroll showing the wrong name on it ("Rosa, Alexander"); (2) had his "$13.50" per hour rate specified; (3) listed him as being paid for "112" hours per week; (4) showed continual gross pay each week of $1,593.00 per week (netting $1,169.72); and (5) totaled the compensation incorrectly for overall earnings (from an arithmetic standpoint).

26.  Had Plaintiff been paid correctly for working 112 hours per week, he would have received $540.00 ($13.50 per hour x 40 hours), plus $1,458.00 (20.25 [his overtime rate] x 72 hours), totaling $1,998.00. ***Plaintiff instead was in fact paid straight time per hour <u>at most</u>***. And it remains unclear whether Plaintiff even had his alleged taxes skimmed or properly remitted / calculated, as Defendants have denied him tax information or a W2 (and have wrongly calculated his compensation overall on the short-manipulated form he was even provided).[3]

27.  By way of quantification, Defendants failed to pay Plaintiff <u>at least</u> $405.00 per week in which he worked for Defendants. This totals approximately <u>$30,000.00</u> in unpaid overtime alone over the span of Plaintiff's near 16-month tenure.

---

[3] If or when discovery reveals further theft by Defendants, Plaintiff reserves the right amend the instant Complaint to include additional wage violations as to alleged withholdings from his payroll.

28. Defendants failed to maintain proper payroll records, knowingly manipulated such data, and did not actually track Plaintiff's work hours via timekeeping. This is well known to violate local, state and federal recordkeeping requirements.[4]

29. Plaintiff is *automatically* entitled to liquidated (double) damages for Defendants' actions as outlined in this Complaint, entitling him to a total of approximately $60,000.00 in unpaid overtime alone.[5] Such damages are **in addition to mandatory legal fees** and other applicable damages under state and federal law(s). *See* 29 U.S.C. § 216(b)(a prevailing plaintiff "shall" be entitled to attorney's fees).

## Count I
## Violations of the Fair Labor Standards Act ("FLSA")
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[4] The failure of an employer to abide by mandatory record-keeping of hours worked by an employee violates 29 U.S.C. § 211(c). As a result, an employer's estimates of hours typically worked may be accepted as an employee should not be prejudiced by an employer's failure to follow legal obligations (in the event there is any dispute). *See e.g. Zeng Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412, at *8 (S.D.N.Y. 2004).

[5] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

7

31. Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute violations of the Fair Labor Standards Act ("FLSA").

## Count II
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute violations of the PMWA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting overtime and wage violations;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to all owed wages and overtime;

C. Plaintiff is to be awarded actual damages to which he is equitably or legally entitled beyond those already specified herein;

D. Plaintiff is to be awarded liquidated damages as permitted by applicable laws;

E. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

F. Plaintiff is permitted to have a trial by jury.

                                      Respectfully submitted,

                                      **KARPF, KARPF & CERUTTI, P.C.**

                                      Ari R. Karpf, Esquire
                                      3331 Street Road
                                      Building 2, Suite 128
                                      Bensalem, PA 19020

Dated: March 8, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Rodney Bonaparte | : | CIVIL ACTION |
| v. | : | |
| 1 Heart Home Health Care, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 3/8/2021 | _[signature]_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 109 E. Durham Street, Philadelphia, PA 19119

Address of Defendant: 6611 Frankford Avenue, Philadelphia, PA 19135

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/8/2021       _____       ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [X] 6. Labor-Management Relations
- [ ] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 3/8/2021       _____       ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BONAPARTE, RODNEY

**DEFENDANTS**
1 HEART HOME HEALTH CARE, LLC, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and the PA Minimum Wage Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____  DOCKET NUMBER: _____

DATE: 3/8/2021
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

Print | Save As... | Reset